## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**KEVIN M. GIBBONS,**
          Petitioner,

-vs-

**HUGH WOLFENBERGER,**
          Respondent.
_____/

Case: 2:08-cv-11354
Judge: Cleland, Robert H
MJ: Whalen, R. Steven
Filed: 03-31-2008 At 10:06 AM
HC GIBBONS V WOLFENBERGER (DCO)

## PETITION FOR A OF HABEAS CORPUS
## BY PERSON IN STATE CUSTODY

Petitioner, **KEVIN M. GIBBONS,** files this petition, **In Propria Persona,** and respectfully states:

1.  Mr. Kevin M. Gibbons is a citizen of the United States, is a resident of Wayne County, Michigan, and is currently imprisoned in New Haven, Michigan.

2.  Mr. Gibbons is currently unconstitutionally detained and imprisoned by Respondent Hugh Wolfenberger, Warden, at the Macomb Correctional Facility, where Mr. Gibbons is serving a term of 20 to 35 years; 2 to 5 years; and 5 years sentences, imposed by Judge Ulysses Boykin of the Wayne County Court, after a jury found Mr. Gibbons guilty of assault with intent to commit murder, possession of a firearm by a felon, and felony firearm.

### Facts Showing Exhaustion of Federal Constitutional Issues.

3.  Petitioner Gibbons did testify in his own defense at trial.

4.  Petitioner Gibbons has exhausted all state remedies available to him with regard to the Sixth and Fourteenth Amendments to the United States Constitution as raised in this petition by taking the following steps:

-1-

a.   Petitioner Gibbons appealed his convictions as of right to the Michigan Court of Appeals. **People v Kevin M. Gibbons**, unpublished per curiam opinion affirmed on October 5, 2004. (COA No:247136); 2004 WL 2239498.

b.   Petitioner Gibbons filed an Application for Leave to Appeal to the Michigan Supreme Court on November 24, 2004, which was returned as untimely filed dated December 2, 2004.

c.   Petitioner Gibbons filed a Motion for Resentencing which was denied by the  trial court on

d.   Petitioner Gibbons filed a Motion for Relief from Judgment in the trial court, which was denied on May 12, 2006, raising four issues.

e.   Petitioner Gibbons filed a Motion for Reconsideration and was denied on June 12, 2006.

5.   Petitioner Gibbons presented the following issues in the state courts:

## Michigan Court of Appeals
### (Appeal of Rights)

I.   Defendant-Appellant's convictions should be reversed because the prosecutor improperly influenced the complainant to testify and the trial court erred in failing to conduct the requested hearing.

II.   Defendant-Appellant's convictions should be reversed because the prosecutor, contrary to the Court's ruling, improperly questioned defendant concerning his prior conviction and the trial court abused its discretion in permitting the questioning, and denying the motion for mistrial.

## Defendant-Appellant's Supplemental Brief Standard 11
### (Michigan Court of Appeals)

i.  Defendant-Appellant's conviction should be reversed because he is actually innocence.

ii.  Defendant-Appellant's conviction should be reversed because Defendant's trial counsel failed to call on expert witnesses.

iii.  Defendant-Appellant's conviction should be reversed because trial counsel failed to call resgested witnesses.

iv.  Defendant-Appellant's conviction should be reversed because trial counsel failed to properly impeach the prosecution witnesses.

v.  Defendant-Appellant's conviction should be reversed because trial counsel failed to make timely objections.

## Application for Leave to Appeal
### (Michigan Supreme Court)

Petitioner Gibbons presented the same issues to the Michigan Supreme Court but was refused filing for being untimely submitted.

## Motion for Resentencing
### (Wayne County Circuit Court)

## Motion for Relief from Judgment
### (Wayne County Circuit Court)

i.  Defendant-Appellant's right to prepare for trial and assert a defense, was violated, where the prosecution intentionally and with malicious intent deprived appellant of necessary discovery materials, in violation of Brady v Maryland and due process of law.

II.    Defendant was denied a fair trial, where the prosecutor committed a misconduct, violating Defendant's right to due process of law.

III.   Defendant was denied the effective assistance of counsel as guaranteed by the sixth amendment of the U.S. Constitution and article 1, §20 of the Michigan Constitution of 1963.

IV.    Defendant was denied due process of law where the prosecution failed to give Appellant notice of sentence enhancement within (21) days prior to Appellant being arranged on the information in Circuit Court.

**Application for Leave to Appeal**

**(Michigan Court of Appeals)**

**Petitioner Gibbons presented the same issue from the Motion for Relief from Judgment in the Michigan Court of Appeals.**

**Application for Leave to Appeal**

**(Michigan Supreme Court)**

**Petitioner  presented the same issues from his application for leave to appeal to the Michigan Court of Appeals to the Michigan Supreme Court. This application is still pending. Please note that Petitioner Gibbons must file his Writ of Habeas Corpus and request that this Honorable Court place his action in abeyance until the Michigan Supreme Court makes its final adjudication, which would exhaust all his state remedies.**

b.   Mr. Gibbons has filed for discovery from 2003 through 2006 before receiving a court order granting this discovery in which the evidence was in favor of Petitioner, which was filed by the trial counsel, Richard Powers', motion prior to trial.

a.   This evidence was not presented nor mentioned during the

-4-

Petitioner's trial.

b. Petitioner was not made aware of the orders and **only became aware of the order in 2006**, when he filed his motion for relief from judgment under newly discovered evidence.

c. Petitioner asserts that the prosecutor, Athina Siringas, intentionally and with malicious intent, deprived the Petitioner of **necessary discovery materials** in violation of **Brady v Maryland** and Due Process of Law.

d. Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and the Michigan Constitution.

(i) Counsel failed to ensure that requested discovery materials were disclosed and issued by the prosecution as ordered by the trial court prior to the commencement of trial.

(ii) Counsel elected to proceed to trial knowing that the necessary discovery materials were not provided.

(iii) Counsel failed to object to the prosecutor's improper comments and vouching for the credibility of the prosecutor's witnesses.

(iv) Counsel failed to investigate the evidence collected by the Detroit Police Department, i.e., ballistics, tests results from shell casings, and insuring that all bullets were retrieved from the body by the treating physician.

(v) Counsel failed to ensure that res gested witness, James Robinson, was called to testify in the case. It should be noted that this witness was incarcerated at the Marquette Branch Prison, located in Marquette,

Michigan. Defense counsel did not request for any endorsement of prosecutor's res geated witness to be present at trial.

(vi)   Defense counsel failed to ensure that Dr. Kakish, the treating physician, who treated the victim's wounds was present to substantiate the facts found in the hospital reports as alleged by the victim. There was also a subpoena for this witness for whom was never made present at trial. The doctors testimony as to the injuries and bullets retrieved  from the body was critical information for which could have shown that the victim was not shot with a hand gun but instead a rifle.

(vii)   Counsel failed to obtain the 911 emergency system's records that would have shown whether the victim made numerous calls to the police regarding Petitioner being the person who shot him. These records would have impeached the victims as to the statements he called the police over (20) times, when he seen the Petitioner in the neighborhood. Also that he lived the next block over between the same streets and it took a year before he was able to give any information on the Petitioner.

THEREFORE, Petitioner **KEVIN M. GIBBONS**, respectfully request:

A.   That Petitioner  be appointed counsel from the Federal Defender's Office;

B.   That Petitioner's writ of Habeas Corpus be filed and placed in abeyance until the Michigan Supreme Court makes it final adjudication to exhaust all state remedies;

C.   That Respondent be required to appear and answer all the allegations

of petition;

      D.    That after full consideration, this Honorable Court **GRANT** Petitioner's Writ of Habeas Corpus and **ORDER** that Petitioner Kevin M. Gibbons either be promptly retried or released from custody;

      E.    That this Honorable Court **GRANT** and evidentiary hearing to establish a factual record as to claims presented;

      F.    That this Honorable Court **GRANT** such other, and different relief as this Court may deem just and proper under the circumstances; and

      G.    That his Honorable Court **GRANT ORAL ARGUMENTS** in this matter.

Respectfully submitted,

**KEVIN M. GIBBONS (221815)**
**In Propria Persona**

Macomb Correctional Facility
34625 26 Mile Road
New Haven, Michigan 48048

Dated:  March 11, 2008

Dear Clerk of The Court

I will Send Copies and Memorandum of Law This Writ Need to be held in Abience but must be excepted for the sake of Time or I would miss my deadline

I thank you.

# CIVIL COVER SHEET FOR PRISONER CASES

| | | | |
|---|---|---|---|
| **Case No.** 08-11354 | **Judge:** Robert H. Cleland | **Magistrate Judge:** R. Steven Whalen | |

| **Name of 1st Listed Plaintiff/Petitioner:** | **Name of 1st Listed Defendant/Respondent:** |
|---|---|
| Kevin Gibbons | Hugh Wolfenbrger |

| **Inmate Number:** 221815 | **Additional Information:** |
|---|---|

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Macomb Correctional Facility

34625 26 Mile Road
New Haven, MI 48048
MACOMB COUNTY

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   - ☐ **Yes**          ☐ **No**
   - ➤ **If yes, give the following information:**
     - Court: _____
     - Case No: _____
     - Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   - ☐ **Yes**          ☐ **No**
   - ➤ **If yes, give the following information:**
     - Court: _____
     - Case No: _____
     - Judge: _____