UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN M. GIBBONS,

       Petitioner,

v.                                                                          Case No. 08-11354

HUGH WOLFENBARGER,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS PETITION WITH PREJUDICE, AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Pending before the court are petitioner Kevin M. Gibbons' *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254 and respondent Hugh Wolfenbarger's motion to dismiss the habeas petition as time-barred.  The court agrees with Respondent that the habeas petition is barred by the statute of limitations.  Therefore, Respondent's motion will be granted and the habeas petition will be dismissed with prejudice.

**I. BACKGROUND**

On November 12, 2002, a Wayne County Circuit Court jury found Petitioner guilty of assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.227f, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b.  The trial court sentenced Petitioner as a habitual offender to five years in prison for the felony firearm conviction, followed by concurrent terms of twenty to thirty-five years in

prison for the assault and two to five years for being a felon in possession of a firearm. On October 5, 2004, the Michigan Court of Appeals affirmed Petitioner's convictions, and on December 2, 2004, the Michigan Supreme Court rejected Petitioner's application for leave to appeal because it was not filed within fifty-six days of the decision of the Michigan Court of Appeals, as required by Mich. Ct. R. 7.302(C)(2).

On February 28, 2006, Petitioner filed a motion – in the state trial court – for relief from judgment, and on November 20, 2006, he filed a motion for re-sentencing. The court denied both motions, and the Michigan Court of Appeals dismissed or denied Petitioner's applications for leave to appeal the trial court's decisions. *See People v. Gibbons*, No. 277910 (Mich. Ct. App. June 21, 2007, and Oct. 23, 2007). The Michigan Supreme Court denied leave to appeal on March 24, 2008. *See People v. Gibbons*, 480 Mich. 1135; 745 N.W.2d 798 (Mich. 2008).

Petitioner signed his habeas corpus petition on March 11, 2008. The petition was received and filed by the Clerk of this Court on March 31, 2008. Petitioner's supporting memorandum of law sets forth several claims, which allege prosecutorial misconduct, actual innocence, and ineffective assistance of trial counsel. Respondent argues in his motion to dismiss, filed through counsel, that Petitioner has failed to comply with the one-year statute of limitations.

## II.  DISCUSSION

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed post-conviction motion is pending in state court is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts. Thus, 28 U.S.C. §§ 2244(d)(1)(C) and (d)(1)(D) do not apply here.

Subsection 2244(d)(1)(B) also is not applicable. Petitioner claims that the Michigan Supreme Court rejected his application for leave to appeal even though he mailed the application nine days before the court's deadline. However, the state courts of Michigan have not adopted the "prison mailbox rule" of *Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a federal habeas petitioner's *pro se* "notice of appeal was filed at the time [the] petitioner delivered it to the prison authorities for forwarding to the court clerk"). *See Moore v. Mich. Dep't of Corr.*, 462 Mich. 872, 873 (2000) (Corrigan, J., concurring); *Walker-Bey v. Dep't of Corr.*, 222 Mich. App. 605, 606, 608-09 (1997). Furthermore, Petitioner has not shown how his untimely application for leave to appeal

3

in the Michigan Supreme Court prevented him from filing a timely habeas petition in federal court.  Thus, there is no basis for arguing under 28 U.S.C. § 2244(d)(1)(B) that the State created an impediment to filing the habeas petition.

The only applicable subsection of 28 U.S.C. § 2244 is (d)(1)(A).  If a prisoner chooses not to seek direct review in the United States Supreme Court, his or her conviction normally becomes final under § 2244(d)(1)(A) when the time for filing a petition for certiorari expires.  *Jimenez v. Quarterman*, __ U. S. __, 129 S. Ct. 681, 685 (2009).  In other words, "direct review cannot conclude for purposes of § 2244(d)(1)(A) until 'the availability of direct appeal to the state courts,' and to [the United States Supreme] Court, has been exhausted.  Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'"  *Id.* at 685-86 (citations omitted).  *See also Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (stating that,"under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired.  A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari. Sup. Ct. R. 13.") (footnote omitted).

Petitioner failed to file a timely application in the Michigan Supreme Court on direct review.  Consequently, his conviction became final on November 30, 2004, when the fifty-six day deadline expired for seeking review in the Michigan Supreme Court.  Mich. Ct. R. 7.302(C)(2); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).  The period of limitation began to run on the following day, and it expired one year later on

November 30, 2005.  Petitioner filed his habeas petition over two years later.  His post-conviction motions had no effect on the limitation period, because the limitation period expired before Petitioner filed the motions in 2006.  *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

### B.  Equitable Tolling

Petitioner urges the Court to equitably toll the limitation period on the grounds that he lacked knowledge of the filing requirement, he had no legal experience and did not know what he was doing, and he was diligently pursuing his rights.  Equitable tolling applies to the statute of limitations, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Courts in this Circuit also consider and balance the factors set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), when deciding whether equitable tolling is appropriate, unless there is congressional authority to the contrary.  *Dunlap*, 250 F.3d at 1009.  The *Andrews* factors are:

> (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151.  "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis."  *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner was not diligent in pursuing his claims. He waited approximately fifteen months after his convictions became final to pursue any collateral remedies. Petitioner's ignorance of the law and lack of legal training are not grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). And his alleged ignorance of the filing requirement is not reasonable, considering that the AEDPA was enacted in 1996 and Petitioner's *pro se* efforts demonstrate awareness of court procedures and rules.

### C.  Actual Innocence

Petitioner also seeks equitable tolling on the basis of actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence," *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). However, to be credible, a claim of actual innocence must be supported by "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial). Petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of new evidence. *House v. Bell*, 547 U.S. 518, 538 (2006).

> The Michigan Court of Appeals summarized the evidence at trial as follows:
>
> [T]he victim, Anthony Bridges, testified that on November 14, 2001, he was shot after two men approached him. Bridges told police that "K.G.," identified as defendant, shot him. The shots hit him in the lower kidney area. After the shooting, defendant kept jabbing the gun at Bridges, and he tried to push it away. Defendant then shot Bridges six more times. Prior to the incident, Bridges did not know defendant's real name, but knew him from the neighborhood for about two years as "K.G." At trial, defendant denied shooting Bridges and maintained that he never carried a gun.

*People v. Gibbons*, No. 247136, 2004 WL 2239498, at *1 (Mich. Ct. App. Oct. 5, 2004).

Petitioner has not produced any new and reliable evidence that undermines the court's confidence in the verdict or that would lead a reasonable juror to have reasonable doubt about his guilt or innocence. Consequently, he has failed to allege a credible claim of actual innocence.

### D.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will

7

have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that a clear procedural bar prevents the court from reviewing the substantive merits of Petitioner's claims. Reasonable jurists would not debate whether the court's procedural ruling was correct or whether the habeas petition states a valid claim of the denial of a constitutional right. *Id.* The court therefore declines to issue a certificate of appealability.

## IV.  CONCLUSION

Petitioner's claims are barred from substantive review by the one-year statute of limitations, and equitable tolling is not appropriate here because Petitioner has failed to show that some extraordinary circumstance stood in his way of filing a timely habeas petition. Accordingly,

IT IS ORDERED that Respondent's Motion to Dismiss [Dkt. # 12] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Petition for a Writ of Habeas Corpus [Dkt. # 1] is DISMISSED with prejudice.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2009, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522